**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LINDSAY DILL, Individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>PALMCO POWER MA, LLC,<br><br>                  Defendant. | Case No. 1:19-cv-10983-DPW |

**SUPPLEMENTAL DECLARATION OF JONATHAN SHUB IN SUPPORT OF
PLAINTIFF'S UNCONTESTED MOTION TO AUTHORIZE NOTICE TO CLASS
MEMBERS OF PROPOSED SETTLEMENT**

I, Jonathan Shub, declare as follows:

1.      I am an attorney licensed to practice in courts in the Commonwealth of Pennsylvania, and States of New Jersey, New York, and California, and am admitted to practice *pro hac vice* in the District of Massachusetts in this case. I am a founding member of Shub Law Firm LLC ("Shub Law"). Based on my active participation and supervision in all material aspects of the prosecution and settlement of this consumer class action, I have personal knowledge of the matters set forth herein. The matters stated herein are true of my own knowledge or, where indicated, I am informed and believe that they are true. If called upon as a witness, I could and would competently testify as follows.

2.      I submit this Supplemental Declaration in support of Plaintiff's Uncontested Motion to Authorize Notice to Class Members of Proposed Settlement (the "Motion"). I incorporate my reference my previous declaration as it sets out the details of the litigation history. [ECF No. 57-1]. The parties have tried to address the Court's concerns articulated at the hearing on March 17, 2021 as set forth herein.

### BACKGROUND AND SETTLEMENT DISCUSSIONS

3.      On June 22, 2020, the Parties filed a Notice of Settlement and Joint Request to Stay all further matters in this action pending final approval of the settlement.

4.      Before initiating these actions and prior to commencing litigation, I, along with my-co counsel, investigated the underlying facts and analyzed the veracity of the claims. Plaintiff's Counsel conducted a thorough investigation into the Class Members' claims, their alleged damages, and the likelihood of obtaining class certification. In particular, Counsel performed extensive background research on PALMco's business practices, as well as the de-regulation of the retail energy market in Massachusetts. Plaintiff's Counsel (i) reviewed and analyzed Defendant's advertising and contracts, (ii) gathered any available substantiation and research

relating to the claims made in the subject advertising and contracts, and (iii) conducted an independent investigation of the factual and legal basis for the claims asserted in this Action. Counsel also conducted interviews with Plaintiff concerning her experience with PALMco, obtained and reviewed extensive disclosures from Plaintiff, engaged an expert in Massachusetts' deregulated energy market, and extensively researched the pertinent case law and facts in other consumer fraud class actions that informed the present case. These efforts included evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims and to determine the strength of anticipated defenses in the action. Plaintiff's Counsel continued these efforts after filing the action and before entering into the Settlement Agreement.

5.    Over the course of almost a year and a half, the Parties engaged in extensive litigation prior to reaching a resolution. In addition, the Parties engaged in discovery in connection with the present action, including written discovery, extensive disclosures from PALMco, and numerous interviews with Plaintiff. The Parties also attended a hearing in this Court, engaged in mediation before respected JAMS mediator, Hon. Diane Welsh (Ret.), and prepared the Settlement Agreement and supporting papers.

6.    Discovery ensued, during which Plaintiff and PALMco propounded and responded to written discovery, and documents were provided to PALMco and reviewed by Plaintiff. Informed by their fact discovery efforts and motion practice, Plaintiff and PALMco decided to pursue settlement negotiations.

7.    The parties began settlement discussions in or around March 2020, which resulted in the long series of arm's length negotiations. One of the critical issues that impacted negotiations was PALMco's financial position. As set forth in the Declaration of Michelle Hofstetter, PALMco's position played a critical role in Class Counsel's analysis of the relief it could obtain for the Class. *See Declaration of Michelle Hofstetter*, filed as Exhibit A under seal.

8.    On May 11, 2020, the Parties engaged in a full-day virtual mediation session before the Honorable Diane M. Welsh (Ret.) of JAMS. Plaintiff's Counsel reviewed detailed customer-level data provided by Defendant (including specific rate information and usage), prepared a mediation statement, and consulted with an expert in preparation for the mediation.

9.    During the Parties' negotiations, Class Counsel reviewed and analyzed the documents and data produced by PALMco and those obtained via their own investigation, consulted with an expert with proficiency in the Massachusetts deregulated and regulated energy markets, researched PALMco's defenses, and weighed the risks of continued litigation.

10.    The fact that the Settlement was reached with the assistance of a highly-regarded class action mediator, Judge Diane Welsh (ret.), following one lengthy virtual mediation and numerous subsequent negotiations, further supports granting the Motion.

11.    To assist the Court, the parties have attached a declaration of Judge Welsh wherein she expressed her view of the fairness of the proposed settlement. *See Declaration of Judge Welsh*, attached hereto as Ex. B.

12.    After reaching a settlement in principle, the parties commenced memorializing the full Settlement Agreement, which generated additional rounds of comprehensive negotiations. *See Amended Settlement Agreement*, attached hereto as Ex. C. The parties extensively negotiated each specific aspect of the Settlement Agreement, including each of the exhibits and the Class Notice. For example, counsel negotiated and meticulously refined the final Notice program and each document comprising the Class Notice (the Short-Form Notice and the Long-Form Notice) with the assistance of Heffler Claims Group, a company that specializes in developing class action notice plans and the proposed Settlement Administrator in this case, to ensure that the information disseminated to Settlement Class Members is clear and concise.

13.    In response to the Court's concerns, the parties have agreed to a revised notice plan

that goes far beyond what is typically done in settlements of this type and size. As set forth in the Declaration of James Prutsman, in addition to sending an initial notice by email or postcard to all Class Members, the parties have agreed to send a reminder notice by email or postcard to all Class Members who have not submitted a Claim Form 21 (twenty-one) days prior to the Claim Deadline. PALMco has an email address for approximately 65% of the Class). In the event that any email notice is returned undeliverable, or if there is no known email address for an individual, a postcard notice to the last known address of that individual. *See Declaration of James Prutsman*, attached hereto as Ex. D.

14.    The Parties also drafted a revised Long Form Notice in response to the Court's concerns. A redlined version of that Notice is attached hereto as Ex. E.

## THE CLASS REPRESENTATIVE'S EFFORTS

15.    Plaintiff retained me and my former firm in 2019. When I left my former firm, Ms. Dill and my current firm executed a new Retainer. *See Retention Agreement between Shub Law Firm LLC and Lindsay Dill*, attached here as Ex. F. From that time to the present, Plaintiff has actively participated in this litigation and dutifully served in her role as class representative. Plaintiff assisted Class Counsel with the initial, pre-filing investigation of this action, as well as gathering documents and information subsequent to the filing of the class action complaints as Counsel's investigation progressed. Plaintiff reviewed all pleadings in this matter to provide helpful feedback and confirm their accuracy. Plaintiff also responded to written discovery requests propounded on Plaintiff by Defendant. Plaintiff kept in routine contact with her counsel throughout the litigation to stay apprised of the status of litigation.  Further, Plaintiff reviewed and approved the parties' Settlement Agreement. See *Declaration of Lindsay Dill*, attached hereto as Ex. G.

16.    While I believe that the claims asserted in this action have merit and that the

evidence developed to date supports those claims, I also recognize and acknowledge, based on my experience, the expense and length of time necessary to prosecute this case to judgment. I have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation, including PALMco's financial position.

I declare under penalty of perjury under the laws of New Jersey and of the United States that the foregoing is true and correct. Executed this 30th day of April 2021 in Haddonfield, New Jersey.


Dated: April 30, 2021                    Respectfully Submitted By:

                                         */s/ Jonathan Shub*
                                         Jonathan Shub
                                         **Shub Law Firm LLC**
                                         134 Kings Highway E
                                         2nd Floor
                                         Haddonfield, NJ 08033
                                         T: (856) 772-7200
                                         jshub@shublawyers.com

                                         *Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Jonathan Shub, hereby certify that on this 30th day of April, 2021, the foregoing Joint Status Report was filed via the Court's electronic filing system and will be electronically sent to all counsel of record.

_/s/ Jonathan Shub_
Jonathan Shub, Esq.