UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDSAY DILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALMCO POWER MA LLC,<br><br>Defendant. | Case No. 1:19-cv-10983-DPW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF ATTORNEYS' FEES AND COSTS** |

Upon consideration of Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Attorneys' Fees and Costs, and finding good cause for the motion, the Court hereby approves the Parties' Settlement Agreement ("Settlement"), ECF No. 64-3, and orders and adjudges as follows:

1. For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement.

**REGARDING THE CLASS ACTION SETTLEMENT:**

2. The following Class is hereby finally certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All Persons who enrolled during the time period of August 1, 2014 through September 13, 2017 with PALMco for electricity service provided by PALMco to a location in Massachusetts, and received a variable electricity rate thereafter. Excluded from the Settlement Class are: PALMco Power MA, LLC; any of its parents, subsidiaries, or affiliates; any entity controlled by either of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of PALMco Power MA, LLC; any person enrolled in a PALMco affinity program; any person who has previously released claims that will be released by this Settlement; federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof) and the judge to whom the Dill Action is assigned and any members of his immediate family.

1

This Class is consistent with the class preliminarily certified by the Court for purposes of the approving the Class Notice of Settlement. *See* Order Approving Class Notice of Settlement ("Order re: Class Notice"), ECF No. 77.

3. The form and method of notifying the Class Members of the terms and conditions of the Settlement Agreement met the requirements of Rules 23 and due process, and constituted the best notice practicable under the circumstances. In accordance with the Court's Order re: Class Notice, and as reflected in the information provided by the Settlement Administrator (Kroll Settlement Administration), Notices were timely distributed by email where applicable, and by first-class mail where email was undeliverable, to all Class Members who could be identified with reasonable effort, and provided Class Members with all necessary information regarding the Settlement and their rights under the Settlement (including their right to object and appear at the Fairness Hearing).

4. The terms of the Settlement are fair, reasonable, and adequate, and satisfy the conditions for approval under Rule 23(e)(2). Among other things, the Court finds that:

    A. The Class was adequately represented by the Class Representative, Lindsay Dill and Class Counsel;

    B. The Settlement resulted from arm's-length negotiations conducted in good faith after extensive litigation;

    C. The monetary relief provided by the Settlement is fair, reasonable, and adequate in light of the claims asserted, and will be effectively distributed pursuant to a common formula that treats all class members equitably;

    D. The Settlement avoids significant costs, risks, and delays in connection with continued litigation;

E.   The Class Representative and Class Counsel support the Settlement;

F.   Class Members had the opportunity to be heard on all issues regarding the Settlement Agreement, and as of the filing of the Motion for Final Approval there were no objections to the Settlement; and

G.   The Settlement Agreement meets all other necessary criteria for approval and is in the best interest of the Class.

Accordingly, the Motion as it pertains to the Final Approval of the Settlement Agreement is **GRANTED**, and the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

5.   The Action and all Plaintiff's Released Claims, whether asserted by the Class Representative on her own behalf or on behalf of the Class Members are dismissed with prejudice, without costs to any of the Parties other than as provided for in the Settlement Agreement.

6.   Neither this Final Approval Order nor the Settlement Agreement constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever.

7.   The Class Representative and each Class Member, and their respective heirs, beneficiaries, executors, administrators, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, and discharged Defendant and the Released Parties from all Plaintiff's Released Claims, and (ii) barred and enjoined from suing Defendant or the Released Parties in any action or proceeding alleging any of Plaintiff's Released Claims even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Plaintiff's Released

Claims, whether or not Class Members received the Notice, whether or not the Class Members received a payment in connection with this Settlement Agreement, whether or not Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Court has subject matter jurisdiction over this Action and personal jurisdiction over the Defendant and the Class Members, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and the Settlement Agreement.

11. The Court finds that all applicable CAFA requirements have been satisfied.

12. Upon the Effective Date of this Order under the Settlement Agreement, the Parties and the Settlement Class shall be bound by the Settlement Agreement and by this Final Approval Order.

**REGARDING APPROVAL OF ATTORNEYS' FEES AND COSTS:**

13. Class Counsel's request for an award of $300,000.00 in attorneys' fees and costs is approved. Having reviewed Class Counsel's application and all applicable legal authorities, the Court finds the requested amount of fees to be reasonable and appropriate.

**IT IS SO ORDERED.**

Dated: *October 19, 2022*

*/s/ Douglas P. Woodlock*
Hon. Douglas P. Woodlock
United States District Judge